[Cite as *State v. Brown*, 2017-Ohio-213.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                   Court of Appeals No. OT-16-015

     Appellee                                  Trial Court No. 15 CR 104

v.

Laura Brown                                     **DECISION AND JUDGMENT**

     Appellant                                 Decided:  January 20, 2017

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Gene P. Murray, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 24, 2016 sentencing judgment of the Ottawa

County Court of Common Pleas, sentencing appellant to a 15-month term of

incarceration following appellant's conviction on one count of burglary, in violation of

R.C. 2911.12, and also imposed a consecutive term of incarceration of 305 days based

upon appellant's placement on community control at the time of the burglary offense. For the reasons set forth below, this court affirms, in part, and reverses, in part, the sentencing judgment of the trial court.

{¶ 2} Appellant, Laura Brown, sets forth the following single assignment of error:

> THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT-APPELLANT TO A POST-RELEASE CONTROL VIOLATION CONSECUTIVE SENTENCE OF 305 DAYS IN PRISON, WHEN IN POINT OF FACT, THE ADULT PAROLE OFFICER OF DEFENDANT-APPELLANT TOLD THE DEFENSE IN PRETRIAL NEGOTIATIONS THAT THE OHIO ADULT PAROLE AUTHORITY WOULD NOT FILE AND DID NOT FILE A POST-RELEASE CONTROL VIOLATION FOR THE GUILTY PLEA IN THIS CASE; AND FURTHERMORE, THE TRIAL COURT ON THE RECORD, AT THE DEFENDANT-APPELLANT'S GUILTY PLEA, TOLD THE DEFENDANT-APPELLANT IN UNEQUIVOCAL TERMS, THAT IT WOULD NOT BE IMPOSING A PRC VIOLATION, NOR A CONSECUTIVE PRC SENTENCE THEREWITH, BUT THEN INSTEAD, WENT AHEAD AND DID SO AT THE SENTENCING HEARING, THEREBY RESULTING IN AN ABUSE OF DISCRETION AND REVERSIBLE ERROR.

2.

{¶ 3} The following undisputed facts are relevant to this appeal. On February 8, 2016, appellant was on postrelease control with the Ohio Adult Parole Authority in connection to a prior felony conviction. On February 8, 2016, appellant pled guilty, pursuant to a negotiated plea, to one count of burglary, in violation of R.C. 2911.12(B), a felony of the fourth degree.

{¶ 4} The record reflects that discussion occurred on the record during appellant's change of plea colloquy during which the trial court was informed by all parties that appellant's parole officer would not file or initiate in any way a postrelease control violation against appellant prefaced upon the new criminal offense pending before the court. The record consistently reflects that no filing or action of any kind was taken against appellant constituting the filing of a postrelease control violation against her in connection to the instant case.

{¶ 5} The transcript of the sentencing hearing states in pertinent part, "[Y]ou are sentenced to 15 months in the Department of Rehabilitation and Corrections. That will be served *consectively with 305 days remaining on your post release control term.*" (Emphasis added).

{¶ 6} In connection with the above, the transcript of the change of plea hearing reflects that during the discourse regarding the possibility of appellant's parole officer filing of a violation against her, the trial court relayed in relevant part, "That is up to her, but do understand that *if* you were violated, that is what you could get?" (Emphasis added).

3.

{¶ 7} Appellant was not violated by the parole officer, yet the disputed sentence imposed was based upon appellant having been violated. Given these facts and circumstances, counsel for appellant objected at sentencing to the incorporation of the 305-day consecutive term of incarceration given that no motion of a violation of parole was pending before the court. The court stated in relevant part, "I will note your objection to that and we will do some further research to see if that needs to be amended, but at this point the sentence will stand." This appeal ensued.

{¶ 8} The underlying basis of this appeal is appellant's contention that the 305-day consecutive term of incarceration, imposed along with the underlying 15-month term of incarceration, was improper in this case. We concur.

{¶ 9} Appellate review of disputed felony sentences is conducted pursuant to the statutory parameters delineated in R.C. 2953.08(G)(2). It establishes that an appellate court may reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either that the record does not support the sentencing court's relevant statutory findings or that the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 10} The record reflects that of the potentially relevant specific statutory sentencing findings possible in this case, only R.C. 2929.13(B) is implicated by the facts of this case given that appellant was convicted of a felony of the fourth degree.

{¶ 11} Pursuant to R.C. 2929.13(B)(1)(b)(xi), a sentencing court has the discretion whether to impose a term of incarceration in fourth-degree felony cases that did not entail

4.

an offense of violence if the offender committed the offense while under community control. The record reflects that appellant was under community control at the time of the burglary offense underlying this case, and therefore, the discretionary imposition of the 15-month term of incarceration was proper and complies with R.C. 2953.08(G)(2).

{¶ 12} However, given that the record reflects no violation of community control motion, or anything else in the record indicating commencement of such an action, we find that the imposition of an additional 305-day consecutive term of incarceration based upon a parole violation was not proper. The record reflects that the court was made aware that no violation was going to be pursued and that the trial court conveyed to appellant that such action was in the discretion of appellant's parole officer. Consistent with this scenario, the trial court itself conceded at sentencing that this portion of the sentencing may "[N]eed to be amended."

{¶ 13} Based upon the foregoing, we find that the 305-day consecutive term of incarceration portion of the sentencing in this case, contingent upon a separate filing of a parole violation, to be improper. Accordingly, this portion of the sentencing judgment is, "[O]therwise contrary to law," pursuant to R.C. 2953.08(G)(2)(b).

{¶ 14} Wherefore, we find the sentencing judgment of the trial court in this matter to be lawful except for the 305-day consecutive term of incarceration term of sentencing. That term of the sentencing judgment is contrary to law and is hereby vacated.

5.

**{¶ 15}** We find appellant's assignment of error to be well-taken. The judgment of the Ottawa County Court of Common Pleas is hereby affirmed, in part, and vacated and reversed, in part. Appellant and appellee are hereby ordered to split the costs of this appeal equally pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____
                                                                      JUDGE

Stephen A. Yarbrough, J.       

                                                            _____

James D. Jensen, P.J.                                   JUDGE
CONCUR.

                                                             _____
                                                                 JUDGE